**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Gillian Jordan, aka Gillian Margaret Jordan-De Verteuil,<br><br>                Plaintiff. | Chapter 11 (Subchapter V)<br><br>Case No.: 22-40568-nhl<br><br>Adv. Pro. No.: 1-23-01064-nhl |
| Gillian Jordan aka Gillian Margaret Jordan-De Verteuil,<br><br>                Plaintiff,<br>      v.<br><br>Doug Naidus,<br>World Business Lenders, LLC,<br>Worldwide Land Transfer Inc.<br>WBL SPE III, LLC,<br>The Bank of Lake Mills, and<br>John Does 1-3,<br><br>                Defendants. | |

---

**MEMORANDUM OF LAW OF DEFENDANTS DOUG NAIDUS, WORLD BUSINESS LENDERS, LLC, AND WBL SPE III, LLC IN SUPPORT OF MOTION TO DISMISS**

---

On the Brief:
James P. Berg, Esq. (Parker Ibrahim & Berg LLP)
Daniel A. Schleifstein, Esq. (Parker Ibrahim & Berg LLP)

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

PRELIMINARY STATEMENT ............................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................ 3

    I.  Debtor Defaulted on a Business Loan Serviced by WBL for Which SPE III
       is the Current Creditor ................................................................ 3

LEGAL ARGUMENT .................................................................... 13

    I.  Legal Standard of Review .......................................................... 13

    II.  The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction ......... 15

        A. Debtor's Complaint is Barred by *Res Judicata* ............................. 15

        B. Debtor's Complaint is Independently Barred by the
          *Rooker-Feldman* Doctrine .............................................. 19

    III. The Court Should Alternatively Abstain from Hearing Debtor's Adversary
        Proceeding ....................................................................... 23

        A. Permissive Abstention ................................................... 23

        B. The *Younger* Abstention Doctrine ..................................... 24

        C. The *Colorado River* Abstention Doctrine ............................. 25

    IV. Debtor's Claims Should Be Dismissed for Failure to State a Claim upon
        Which Relief May Be Granted .................................................... 27

        A. Debtor's Civil RICO Claims are Time-Barred ......................... 27

        B. Debtor's ECOA Claims are Time-Barred ............................. 28

        C. Debtor's GBL 349 Claim is Time-Barred ............................. 30

        D. Debtor's Usury Allegations are Time-Barred .......................... 32

    V.  Debtor's Claim for Recoupment Should Be Dismissed ........................ 33

VI. Leave to Amend Should Be Denied as a Futility.......................................................33

CONCLUSION..............................................................................................................34

**TABLE OF AUTHORITIES**

**Cases**

*Achtman v. Kirby McInerney & Squire, LLP*,
   464 F.3d 328 (2d Cir. 2006) ............................................................. 13

*American Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974) ......................................................................... 30

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................... 13, 14

*Atl. Coast Line R.R. Co. v Bhd. Of Locomotive Eng'rs*,
   398 U.S. 281 (1970) ......................................................................... 19

*Barge v. Apple Computer, Inc.*,
   No. 97-9068, 1998 U.S. App. LEXIS 22044 (2d Cir. 1998) ................ 28

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................... 13-14

*Brown v. Felsen*,
   442 U.S. 127 (1979) ......................................................................... 15

*Burberry Ltd. v. Horowitz*,
   534 Fed. Appx. 41 (2d Cir. 2013) ..................................................... 17

*Burgos v. Hopkins*,
   14 F.3d 787 (2d Cir. 1994) ............................................................... 16

*Burke v. N.Y. City Transit Auth.*,
   32 F.3d 654 (2d Cir. 1994) ........................................................... 15-16

*Cerbone v. Int'l Ladies' Garment Workers' Union*,
   768 F.2d 45 (2d Cir 1985) ................................................................ 31

*Charell v. Gonzalez (In re Gonzalez)*,
   241 B.R. 67 (S.D.N.Y. 1999) ............................................................ 15

*Chassman v. Shipley*,
   No. 15-CV-5228 (PAC), 2016 U.S. Dist. LEXIS 49022
   (S.D.N.Y. Apr. 12, 2016) .................................................................. 32

*Colorado Riv. Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976) ................................................................... 25, 26

*Dittmer v. County of Suffolk*,
   146 F.3d 113 (2d Cir. 1998) ............................................................. 26

*Coveal v. Consumer Home Mortg., Inc.*,
    No. 04-CV-4755 (ILG), 2005 U.S. Dist. LEXIS 5003
    (E.D.N.Y. Mar. 29, 2005) ................................................................................... 29

*Dae Huyk Kwon v. Santander Consumer U.S.A.*,
    No. 15-CV-3352 (SJF) (AKT), 2016 U.S. Dist. LEXIS 140185
    (E.D.N.Y. Sep. 30, 2016) ................................................................................... 32

*Day v. Union Mines Inc.*,
    862 F.2d 652 (7th Cir. 1988) ............................................................................. 26

*District of Columbia Court of Appeals v. Feldman*,
    460 U.S. 462, 482-484 n. 16 (1983) ................................................................... 20

*Drew v. Chase Manhattan Bank, N.A.*,
    No. 95-CV-3133 (JGK), 1998 U.S. Dist. LEXIS 11616
    (S.D.N.Y. Jul. 30, 1998) .................................................................................... 16

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280, 284 (2005) ............................................................................ 15, 19

*Flaherty v. Lang*,
    199 F.3d 607 (2d Cir. 1999) .............................................................................. 15

*Forjone v. Federated Fin. Corp. of Am.*,
    816 F. Supp. 2d 142 (N.D.N.Y 2011) ............................................................ 16-17

*Francis v. Blaikie Group*,
    372 F. Supp. 2d 741 (S.D.N.Y. 2006) ............................................................ 27-28

*Frankel v Cole*,
    313 Fed. Appx. 418 (2d Cir. 2009) .................................................................... 28

*Gaidon v. Guardian Life Ins. Co. of Am.*,
    96 N.Y.2d 201 (2001) ....................................................................................... 30

*Garrasi v. Wells Fargo Bank, N.A.*,
    No. 21-CV-202 (GLS/TWD), 2022 U.S. Dist. LEXIS 58899
    (N.D.N.Y. Mar. 30, 2022) .................................................................................. 28

*Gelber v. Stryker Corp.*,
    788 F. Supp. 2d 145 (S.D.N.Y. 2011) ................................................................. 27

*Glus v. Brooklyn*
    E. Dist. Terminal, 359 U.S. 231 (1959) .............................................................. 30

*Gordon v. First Franklin Fin. Corp.*,
    No. 15-CV-0775 (SJF) (AKT), 2016 U.S. Dist. LEXIS 25621
    (E.D.N.Y. Feb. 29, 2016) ................................................................................... 29

*Graham v. HSBC Mortg. Corp.*,
No. 18-CV-4196 (KMK), 2021 U.S. Dist. LEXIS 183333
(S.D.N.Y. Sep. 24, 2021) ..................................................................... 32

*Graham v. Select Portfolio Servicing, Inc.*,
156 F. Supp. 3d 491 (S.D.N.Y. Jan. 18, 2016) ................................... 20

*Gray v. Pagano*,
287 F. App'x 155 (3d Cir. 2008) .................................................. 24, 25

*Green v. Santa Fe Indus.*,
70 N.Y.2d 244 (1987) ...................................................................... 17

*Hoblock v. Albany County Bd. of Elections*,
422 F.3d 77 (2d Cir. 2005) .......................................................... 16, 19

*In re 231 Fourth Avenue Lyceum, LLC*,
506 B.R. 196, 206-08 (Bankr. E.D.N.Y. 2014) ................................... 23

*In re Abir*, No. 09-CV-2871 *(SJF)*,
2010 U.S. Dist. LEXIS 28471 (E.D.N.Y. Mar. 22, 2010) ................... 24

*In re Buckskin Realty*,
Inc., No. 1-13-40083-nhl ............................................................... 18-19

*In re Buckskin Realty, Inc.*,
2016 Bankr. LEXIS 3458 ................................................................. 20

*In re Castaldo*,
No. 05-36349-cgm, 2006 Bankr. LEXIS 4522 (Bankr. E.D.N.Y. Dec. 7, 2006) ............ 20, 22

*In re Exeter Holding, Ltd, No.*
11-77954-ast, Adv. Pro. No. 12-8392- (Bankr. E.D.N.Y. Mar. 14, 2013) ........................... 24

*In re Fischer*,
252 B.R. 603 (Bankr. E.D.N.Y. 2000) ............................................. 15

*In re Hopper*,
No. 21-MC-57 (MPS), 2021 U.S. Dist. LEXIS 257222
(D. Conn. Dec. 3, 2021) ................................................................... 28

*In re Lake Charles Retail Dev. LLC,*
No. 13-44093-nhl, Bankr. LEXIS 4161 (Bankr. E.D.N.Y. Sept. 30, 2014) ........................ 34

*In re Merrill Lynch Ltd. P'ships Litig.*,
154 F.3d 56 (2d Cir. 1998) .............................................................. 28

v

*In re Methyl Tertiary Butyl Ether (MTBE)*
   Prods. Liab. Litig., No. 00-MD-1898, 2007 U.S. Dist. LEXIS 40484
   (S.D.N.Y. Jun. 4, 2007) ................................................................................... 31

*In re Moise,*
   575 B.R. 191 *(*Bankr. E.D.N.Y. 2017*)* ................................................................. 22

*In re Moxey,*
   522 B.R. 428 *(*Bankr. E.D.N.Y. 2014) ......................................................... 22-23

*In re Nasser,*
    No. 17-40254-nhl, (Bankr. E.D.N.Y. Oct. 8, 2020) .......................................... 27

*In re Personal Communication Devices, LLC,*
   556 B.R. 45 (Bankr. E.D.N.Y. 2016) ................................................................. 24

*In re Sunbeam Corp.,*
   284 B.R. 355 *(*Bankr. S.D.N.Y. 2022) ............................................................... 33

*In re Teltronics Servs., Inc.,*
   762 F.2d 185 (2d Cir. 1985) .............................................................................. 18

*In re Waterscape Resort LLC,*
   544 B.R. 507 *(*Bankr. S.D.N.Y. 2016) ............................................................... 33

*In re Wilson* F.
   App'x 409 *(*2d Cir. 2011) ................................................................................... 22

*Irwin v. Dep't of Veterans Affairs,*
   498 U.S. 89 (1990) ...................................................................................... 29- 30

*Jackson v. Wells Fargo Home Mortg.,*
   No. 15-CV-5062 (PKC) (ST), 2018 U.S. Dist. LEXIS 136643
   (E.D.N.Y. Aug. 10, 2018) .................................................................................. 31

*Kamen v. Am. Tel. & Tel. Co.,*
   791 F.2d 1006 (2d Cir. 1986) ............................................................................ 14

*Kaufman v. Time Warner,*
   836 F.3d 137 (2d Cir. 2016) .............................................................................. 15

*Khan v. Bank of Am. Home Loan Servicing L.P.,*
   No. 12-CV-117 (FLW), 2012 U.S. Dist. LEXIS 71677
   (D.N.J. May 23, 2012) ....................................................................................... 24

*Knox v Countrywide Bank,*
   4 F. Supp. 3d 499 (E.D.N.Y. Mar. 12, 2014) ............................................... 30, 34

*Kreager v. Gen. Elec. Co.,*
   497 F.2d 468, 471-72 (2d Cir. 1974) ................................................................. 18

*Kropelnicki v. Siegel*,
290 F.3d 118 (2d Cir. 2002) ................................................ 19

*Larobina v. Comm'r of Transp.*,
No. 03-CV-217 (EBB), 2005 U.S. Dist. LEXIS 44947
(D. Conn. Oct. 25, 2005) ............................................... 25-26

*Lawrence v Household Int'l, Inc.*,
123 Fed. Appx. 414 (2d Cir 2005) ....................................... 19

*Levin v. Frank*,
No. 18-CV-1292 (MAD) (DEP) 2019 U.S. Dist. LEXIS 66962
(N.D.N.Y. Apr. 19, 2019) ................................................. 18

*Lia v. Saporito*,
541 Fed. Appx. 71 (2d Cir. 2013) ....................................... 18

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000) .............................................. 14

*Marvel Characters, Inc. v. Simon*,
310 F.3d 280, 286-87 (2d Cir. 2002) ................................... 15

*McAnaney v. Astoria Fin. Corp.*,
357 F. Supp. 2d. 578 (E.D.N.Y. 2005) .................................. 29

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007) .............................................. 33

*McKithen v. Brown*,
481 F.3d 89 (2d Cir. 2007) ................................................ 20

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*,
457 U.S. 423 (1982) ........................................................ 25

*Monahan v. New York City Dep't of Corr.*,
214 F.3d 275 (2d Cir. 2000) .............................................. 15

*Moreira v. Sherwood Landscaping Inc.*,
13-CV-2640 (JS)(AKT), 2014 U.S. Dist. LEXIS 130454
(E.D.N.Y. Sep. 16, 2014) .................................................. 34

*Morrison v. Nat'l Austl. Bank Ltd.*,
547 F.3d 167 (2d Cir. 2008) .............................................. 14

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ...................................................... 25, 26

*Niagara Mohawk Power Corp. v. Hudson Riv.-Black Riv. Regulating Dist.*,
    673 F.3d 84 (2d Cir. 2012) ................................................................... 25

*Redd v. Fannie Mae*,
    No. 19-CV-1045 (PKC) (RML), 2020 U.S. Dist. LEXIS 56269
    (E.D.N.Y. Mar. 31, 2020) ................................................................... 29

*Rivet v. Regions Bank of La*
    522 U.S. 470 (1998) .......................................................................... 15

*Rotella v. Wood*,
    528 U.S. 549 (2000) .......................................................................... 28

*Rubin v. City Nat'l Bank & Tr. Co. of Gloversville*,
    131 A.D.2d 150 (3d Dept 1987) ........................................................ 32

*S. Cherry St., LLC v. Hennessee Grp. LLC*,
    573 F.3d 98 (2d Cir. 2009) ................................................................ 13

*Schall v. Joyce*,
    885 F.2d 101 (3d Cir. 1989) .............................................................. 25

*Shipping Fin. Servs. Corp. v. Drakos*,
    140 F.3d 129 (2d Cir. 1998) .............................................................. 14

*Simmons v. Reich*,
    No. 20-4114, 2021 U.S. App. LEXIS 32372 (2d Cir. Oct. 29, 2021) ................... 28

*Singh v. Wells*,
    445 Fed. Appx. 373 (2d Cir. 2011) .................................................... 31

*Small v. Lorillard Tobacco Co.*,
    94 N.Y.2d 43 (1999) ......................................................................... 30

*Smith v. Local 819 I.B.T. Pension Plan*,
    291 F.3d 236 (2d Cir. 2002) .............................................................. 13

*SSJ Dev. of Sheepshead Bay I, LLC v. Amalgamated Bank*,
    128 A.D.3d 674 (2d Dept 2015) ........................................................ 16

*Svenningsen v. Ultimate Prof'l Grounds Mgmt., Inc.*,
    No. 14-CV-5161 (NSR), 2017 U.S. Dist. LEXIS 113617
    (S.D.N.Y. Jul. 20, 2017) ................................................................... 18

*Teves Realty, Inc.v Bartley*,
    No. 14-CV-3227 (RRM) (VMS), 2017 U.S. Dist. LEXIS 50821
    (E.D.N.Y. Mar. 31, 2017) ................................................................. 26

*Tomasino v. Estee Lauder Co., Inc.*,
No. 13-CV-04692-ERK-RML, 2015 U.S. Dist. LEXIS 38918
(E.D.N.Y. Mar. 26, 2015) ................................................................. 16

*Tuebor Reit Sub LLC v Paul*,
No. 19-CV-8540 (JPO), 2020 U.S. Dist. LEXIS 150145
(S.D.N.Y. Aug. 19, 2020) ................................................................. 26

*Veltri v. Bldg. Serv. 32b-J Pension Fund*,
393 F.3d 318 (2d Cir. 2004) ............................................................. 30

*Waldman v. Vill. of Kiryas Joel*,
207 F.3d 105 (2d Cir. 2000) ............................................................. 16

*Weil v. Long Island Savings Bank, FSB*,
77 F. Supp. 2d 313 (E.D.N.Y. 1999) ............................................ 29-30

*Wender v. Gilberg Agency*,
276 A.D.2d 311 (1st Dept 2000) ...................................................... 31

*Whelton v. Educ. Credit Mgmt. Corp.*,
432 F.3d 150 (2d Cir. 2005) ............................................................. 17

*Williams v 2720 Realty Co.*,
No. 12-CV-6408 (BMC), 2013 U.S. Dist. LEXIS 1172
(E.D.N.Y. Jan. 3, 2013) ................................................................... 19

*Woodford v. Community Action Agency of Greene County, Inc.*,
239 F.3d 517 (2d Cir. 2001) ............................................................. 26

*Yeiser v. GMAC Mortg. Corp.*,
535 F. Supp. 2d 413 (S.D.N.Y. 2008) .............................................. 16

*Zappia Middle E. Constr. Co. Ltd. v. Emirate of Abu Dhabi*,
215 F.3d 247 (2d Cir. 2000) ............................................................. 14

## Statutes

11 U.S.C. 362 ..................................................................................... 11

15 U.S.C. 1691 e(f)(1) ....................................................................... 29

18 U.S.C. 891-894 ............................................................................. 28

28 U.S.C. 1334 ............................................................................. 23, 24

28 U.S.C. 1738 ................................................................................... 15

BCL 306 .............................................................................................. 6

CPLR 215 ........................................................................................... 32

CPLR 308 ............................................................................................. 6

CPLR 321 .................................................................................................................... 9

CPLR 5511 ................................................................................................................. 21

GBL § 349 ........................................................................................................30, 31, 32


NY Banking Law § 14-a ........................................................................................ 32, 33

NY General Obligations Law § 5-501 ...................................................................32, 33

NY Penal Law § 190.40 ........................................................................................32, 33

## **Rules**

Fed. R. Bankr. P. 2004 .............................................................................................. 12

Federal Rule of Civil Procedure 12 ................................................................... *passim*

Fed. R. Civ. P. 15 ...................................................................................................... 34

Rule 7012 .................................................................................................................. 13

Rule 7015 .................................................................................................................. 34

Defendants Doug Naidus ("Mr. Naidus"), World Business Lenders, LLC ("WBL"), and WBL SPE III, LLC ("SPE III," and collectively with WBL and Mr. Naidus, the "WBL Defendants"),[1] by and through their undersigned counsel, Parker Ibrahim & Berg LLP, respectfully submit this Memorandum of Law in Support of their Motion seeking an Order: (i) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), dismissing the RICO Adversary Complaint & Objection to Proof of Claim by Recoupment, filed by Plaintiff Gillian Jordan a/k/a Gillian Margaret Jordan-De Verteuil ("Debtor") on August 13, 2023 (the "Complaint") as Adversary Proceeding No. 23-01064-nhl (the "Adversary Proceeding"), and: (ii) for such other and further relief as the Court deems just and proper (the "Motion").

## PRELIMINARY STATEMENT

The Adversary Proceeding should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted as a matter of law. Even with the benefit of 86 pages, 326 paragraphs, and innumerable chances from this Court, Debtor solely alleges time-barred claims that she is estopped from bringing by virtue of a pre-petition final judgment in a state court action (and/or claims she lacks standing to allege).

As explained below, Debtor filed for Chapter 11 bankruptcy protection on March 23, 2022. Debtor, a long-defaulted guarantor on a 2016 business loan, freely admits she did so to thwart WBL's foreclosure sale of residential real property, given as collateral for the subject 2016 business loan, located at 455 Macon Street, Brooklyn, New York 11233 (the "Property") that had been scheduled to proceed the following day on March 24, 2022. From inception, Debtor has threatened to file this Complaint. Debtor, however, only actually did so over sixteen (16) months

---

[1] In the interest of clarity, SPE III is the investor of the Loan (as defined below). WBL services the Loan on behalf of SPE III. Mr. Naidus is the chairman and chief executive officer of WBL.

1

later, during which time she repeatedly failed to comply with her obligations under the Bankruptcy Code and numerous directives from the Court. And now that Debtor has finally filed her Complaint, she fails to state any claim against the WBL Defendants over which this Court has subject matter jurisdiction, or upon which relief may be granted.

As a threshold matter, the Complaint should be dismissed for lack of subject matter jurisdiction under the doctrine of *res judicata*. Debtor raised these same claims and actively litigated them (and/or had a full and fair opportunity to do so) as a defendant in the underlying 2016 foreclosure action in the Supreme Court of the State of New York, County of Kings (the "State Court"), bearing Index Number 512316/2016 (the "Foreclosure Action"). The State Court struck and dismissed Debtor's contesting answer, and all counterclaims and affirmative defenses alleged therein, on April 30, 2019. Final judgment was entered in the Foreclosure Action on March 18, 2020. Debtor failed to file, and/or prevail, in any contesting motion practice in the Foreclosure Action that in any way disturbs WBL's judgment of foreclosure and sale, and this Court may not sit in review of the State Court's pre-petition final judgment.

The Complaint should further be dismissed pursuant to the *Rooker-Feldman* doctrine. Debtor completely lost in State Court. Notwithstanding, Debtor now complains in this 2023 Adversary Proceeding of purported injuries she placed at issue, in the 2016 Foreclosure Action, concerning the origination of a 2016 business loan that were determined to be devoid of merit by the State Court in 2019. Any claims Debtor now purports to have in 2023 were completely cut off by the 2020 final judgment in State Court (which she now improperly invites this Court to overturn).

While this Court could exercise its discretion to abstain from making any determination in the Adversary Proceeding for the reasons addressed herein, it should independently dismiss the

Complaint for failure to state any claim upon which relief may be granted. Reason being, each and every claim Debtor purports to allege in the Complaint is either time-barred under the applicable statutes of limitation and/or affords Debtor no private right of action. And to the extent that Debtor contends equitable tolling should save her otherwise time-barred claims, that argument should be rejected. The record is clear that Debtor – with the assistance of counsel – actively litigated these issues of which she was readily aware for years in the Foreclosure Action in State Court (or had a full and fair opportunity to do so) and lost. Accordingly, Debtor has not – and cannot – demonstrate any reason she should receive the benefit of equitable tolling. And because no amount of amendment can cure the defects posed by time-barred claims, leave to amend should be denied.

Simply put, this is another "too little, too late" effort by Debtor to delay and avoid her payment obligations on a business loan by churning litigation, driving up costs, and slinging mud at her creditor and related parties. For all of these reasons, and those set forth more fully below, this Court should dismiss Debtor's Complaint against the WBL Defendants, with prejudice, and deny her recoupment and/or any relief thereon.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### I. Debtor Defaulted on a Business Loan Serviced by WBL for Which SPE III is the Current Creditor

On or about January 28, 2016, Noah's Ark Preparatory, Inc. and Noah's Ark Preparatory II Inc. ("Borrowers") executed a Business Promissory Note and Security Agreement in the original principal amount of $275,000.00 with a maturity date of May 10, 2017 (the "Note") in favor of Bank of Lake Mills ("BLM"). A partially redacted, but otherwise true and correct, copy of the Note is attached as **Exhibit 1**.

In connection with making the Note, Borrowers executed a Business Loan Purpose Affidavit, wherein Borrowers covenanted and agreed that the proceeds from the Note "will be used for business purposes only, and not for personal, consumer, family or household purposes or to purchase personal, consumer, family or household goods" (the "Business Loan Purpose Affidavit"). A partially redacted, but otherwise true and correct, copy of the Business Loan Purpose Affidavit is attached as **Exhibit 2**.

As collateral security for the Note, Debtor executed a Mortgage, dated January 28, 2016, in favor of BLM that was recorded against the Property in the Office of the City Register of the City of New York on February 18, 2016 in CRFN 2016000054746 (the "Mortgage"). A partially redacted, but otherwise true and correct, copy of the Mortgage is attached as **Exhibit 3**.

To further secure the Note, Debtor executed a Continuing Guaranty, Personal (Unlimited), dated January 28, 2016, in favor of BLM (the "Guaranty"). A partially redacted, but otherwise true and correct, copy of the Guaranty is attached as **Exhibit 4**.

The Mortgage was thereafter assigned from BLM to WBL by virtue of an Assignment of Mortgage, dated February 25, 2016 and recorded in the Office of the City Register of the City of New York on May 19, 2016 in CRFN 2016000171711 (the "First Assignment"). A partially redacted, but otherwise true and correct, copy of the First Assignment is attached as **Exhibit 5**.

The Mortgage was thereafter assigned from WBL to WBL SPE II, LLC by virtue of an Assignment of Mortgage, dated May 5, 2017 and recorded in the Office of the City Register of the City of New York on May 18, 2017 in CRFN 2018000187176 (the "Second Assignment"). A partially redacted, but otherwise true and correct, copy of the Second Assignment is attached as **Exhibit 6**.

The Mortgage was thereafter assigned from WBL SPE II, LLC to Bradley Development Company, LLC ("BDC") by virtue of an Assignment of Mortgage, dated November 25, 2019 and recorded in the Office of the City Register of the City of New York on December 13, 2019 in CRFN 2019000408831 (the "Third Assignment"). A partially redacted, but otherwise true and correct, copy of the Third Assignment is attached as **Exhibit 7**.

The Mortgage was thereafter assigned from BDC to SPE III by virtue of an Assignment of Mortgage dated March 13, 2022 and recorded in the Office of the City Register of the City of New York on March 29, 2022 in CRFN 2022000132348 (the "Fourth Assignment"). A partially redacted, but otherwise true and correct, copy of the Fourth Assignment is attached as **Exhibit 8**.

The foregoing Note, Mortgage, Assignments of Mortgage, and Guaranty are collectively known as the "Loan Documents" that memorialize the "Loan".

Borrowers and Debtor, in their capacities as mortgagors and guarantor, monetarily defaulted on the Loan in April 2016. To date, that default has continued for over 7 years, and as explained below, Debtor has actively litigated her default with the assistance of counsel to delay and avoid her payment obligations on the Loan.

## II.    **The Foreclosure Action**

Due to the default on the Loan, WBL[2] commenced the Foreclosure Action in State Court on July 19, 2016 by filing its Summons, Complaint, and Notice of Pendency. True and correct copies of the Summons, Complaint, and Notice of Pendency are collectively attached as **Exhibit 9**.

---

[2] In the interest of expediency, the plaintiff in the foreclosure action is referenced herein as "WBL".

Debtor was served with process pursuant to CPLR 308(2) on July 21, 2016 at 11 Meadow Street, Garden City, New York 11530. A true and correct copy of the Affidavit of Service upon Debtor is attached as **Exhibit 10**.

Borrowers were served with process pursuant to BCL 306 on July 28, 2016 at the Secretary of State. True and correct copies of the Affidavits of Service upon Borrowers are collectively attached as **Exhibit 11**.

Through counsel, on August 16, 2016, Debtor and Borrowers (collectively the "Foreclosure Defendants") filed an Answer to the Foreclosure Action (the "Answer"), which alleged thirty (30) affirmative defenses and nine counterclaims. A true and correct copy of the Answer is attached as **Exhibit 12**.

Foreclosure Defendants' reply to counterclaims was filed on September 14, 2016 (the "Reply to Counterclaims"). A true and correct copy of the Reply to Counterclaims is attached as **Exhibit 13**.

A Preliminary Conference Order dated January 8, 2017 was entered in the Foreclosure Action on January 30, 2017 (the "First PCO") which directed that the parties' deadline to complete discovery or file a note of issue in the Foreclosure Action was August 1, 2017, with an examination of Foreclosure Defendants to be conducted on May 2, 2017 and an examination of WBL to be conducted on May 9, 2017. A true and correct copy of the First PCO is attached as **Exhibit 14**.

The First PCO additionally directed the parties "to send demands [within] 45 days and respond 45 days thereafter." *See* Ex. 14.

Thereafter, a second Preliminary Conference Order dated July 12, 2017 was entered in the Foreclosure Action on July 14, 2017 (the "Second PCO"), which directed that depositions of all

parties must be held on or before September 4, 2017, and that WBL must file a note of issue on or before December 14, 2017. A true and correct copy of the Second PCO is attached as **Exhibit 15**.

Via Notice of Motion filed January 11, 2018, WBL moved to extend its time to file a note of issue, which was granted without opposition via Order dated February 21, 2018 and entered on February 23, 2018 (the "February 23, 2018 Order"), and extended WBL's time to file a note of issue to April 21, 2018. A true and correct copy of the February 23, 2018 Order is attached as **Exhibit 16**.

In accordance with the February 23, 2018 Order, WBL timely filed the note of issue on April 17, 2018 (the "Note of Issue"). A true and correct copy of the Note of Issue is attached as **Exhibit 17**.

Via Notice of Motion filed April 26, 2018, Foreclosure Defendants moved for an Order striking the Foreclosure Action from the trial calendar, vacating the Note of Issue, and extending Foreclosure Defendants' time to file a dispositive motion ("Motion to Strike"). A true and correct copy of the Notice of Motion for the Motion to Strike is attached as **Exhibit 18**.

WBL filed opposition to the Motion to Strike on May 22, 2018 ("Defendants' Opposition"), a true and correct copy of which is attached as **Exhibit 19**. In opposition, WBL affirmed that it had agreed with Foreclosure Defendants that WBL would depose Foreclosure Defendants on December 8, 2017, and that Foreclosure Defendants' counsel had requested an adjournment of the deposition a few days before the scheduled date. WBL further affirmed that while it had made diligent efforts to reschedule the deposition, Foreclosure Defendants failed to respond to WBL's efforts to reschedule, and thus WBL filed the foregoing motion to extend their time to file a note of issue. WBL further affirmed that Foreclosure Defendants' failure to respond

to the attempts to schedule a deposition resulted in WBL filing the Note of Issue.  *See* Ex. 19, ¶ 5-11.

While the Motion to Strike was pending, WBL moved for an Order granting summary judgment and an order of reference (the "MSJ") on October 11, 2018.[3]  A true and correct copy of the MSJ is attached as **Exhibit 20**.

Thereafter, on November 19, 2018, WBL filed a consent to change attorney in the Foreclosure Action, substituting Parker Ibrahim & Berg, LLP in place of its prior counsel, Zachter PLLC (the "CTCA").  A true and correct copy of the CTCA is attached as **Exhibit 21**.

Foreclosure Defendants interposed opposition to the MSJ on December 22, 2018 ("Foreclosure Defendants' Opposition").  A true and correct copy of Foreclosure Defendants' Opposition is attached as **Exhibit 22**.

WBL filed its reply affirmation on January 9, 2019 (the "Reply").  A true and correct copy of the Reply is attached as **Exhibit 23**.

At oral argument, the Court (Hon David B. Vaughn, J.S.C.) granted WBL's MSJ and directed it to settle its Order on notice.  A copy of the docket report for the Foreclosure Action is attached as **Exhibit 24**.

WBL filed its Notice of Settlement and proposed Order on February 26, 2019 (the "Notice of Settlement").  A true and correct copy of the Notice of Settlement is attached as **Exhibit 25**.

The Court (Hon. David B. Vaughn, J.S.C.) thereafter granted the MSJ and signed the Order of Reference on April 30, 2018, which was entered on May 2, 2019 (the "Order of Reference").  WBL served the Order of Reference with notice of entry upon all parties, including Foreclosure

---

[3] WBL filed its first Motion for Summary Judgment and other relief on August 28, 2018, however this application was marked off the Court's calendar.

Defendants, on June 19, 2019. A true and correct copy of the Order of Reference along with notice of entry is attached as **<u>Exhibit 26</u>**.

Foreclosure Defendants failed to move to renew and/or reargue, vacate, or file a notice of appeal of the Order of Reference, and their time to do so has long since expired.

WBL then filed a successive Notice of Pendency on July 9, 2019 (the "Successive Notice of Pendency"). A true and correct copy of the Successive Notice of Pendency is attached as **<u>Exhibit 27</u>**.

Via Notice of Motion filed February 11, 2020, WBL moved to confirm the referee's report and for final Judgment of Foreclosure and Sale (the "JFS Motion"). A true and correct copy of the JFS Motion (without exhibits), is attached as **<u>Exhibit 28</u>**.

Despite having been served with notice of same, Foreclosure Defendants failed to oppose the JFS Motion.

Pursuant to a Short Form order dated March 4, 2020 (the "March 4, 2020 Order"), the Court (Hon. Lawrence Knipel, J.S.C.) granted the JFS Motion upon Foreclosure Defendants' default. A true and correct copy of the March 4, 2020 Order is attached as **<u>Exhibit 29</u>**.

The Court (Hon. Lawrence Knipel, J.S.C.) thereafter signed the Judgment of Foreclosure and Sale on March 9, 2020, which was entered on March 18, 2020 (the "JFS"). The JFS was served upon all parties, including Foreclosure Defendants, with notice of entry on March 18, 2020. A true and correct copy of the JFS along with notice of entry is attached as **<u>Exhibit 30</u>**.

Foreclosure Defendants again failed to move to renew and/or reargue, vacate, or file a notice of appeal of the JFS, and their time to do so has long since expired.

On May 10, 2021, Foreclosure Defendants' prior counsel filed an Order to Show Cause to be relieved as counsel pursuant to CPLR 321(b)(2), which was signed by the Court (Hon.

Lawrence Knipel, J.S.C.) on May 21, 2021, and subsequently granted via Short Form Order dated and entered June 8, 2021 (the "June 8, 2021 Order"). A true and correct copy of the June 8, 2021 Order along with notice of entry is attached as **Exhibit 31**. The June 8, 2021 Order also stayed proceedings in the Foreclosure Action for thirty (30) days to permit Foreclosure Defendants to retain new counsel.

Foreclosure Defendants thereafter retained new counsel, Rohan F. Harrison, Esq., who filed a notice of appearance on June 29, 2021 (the "Harrison NOA"). A true and correct copy of the Harrison NOA is attached as **Exhibit 32**.

After proceeding with the conferences as required by AO 157/20 in the Foreclosure Action, WBL scheduled its first foreclosure sale for October 7, 2021 at 11:30 a.m. (the "First Sale") and filed a copy of the Notice of Sale on September 15, 2021 (the "First Notice of Sale"). A true and correct copy of the First Notice of Sale is attached as **Exhibit 33**.

The same day, Foreclosure Defendants filed a Declaration of COVID-19-Related Hardship (the "COVID-19 Declaration"), and as a result, WBL was required to cancel the First Sale. A true and correct copy of the letter confirming the sale cancellation filed by WBL on October 5, 2021 is attached as **Exhibit 34**.

After the stay resulting from Foreclosure Defendants' COVID-19 Declaration expired, WBL re-scheduled its foreclosure sale for March 24, 2022 at 11:30 a.m. (the "Second Sale").

On March 21, 2022, three days prior to the Second Sale, Foreclosure Defendants filed an Order to Show Cause seeking a temporary restraining order of the Second Sale, which was subsequently re-filed on March 22, 2022 (the "2022 OSC"). A true and correct copy of the proposed Order submitted with the 2022 OSC is attached as **Exhibit 35**.

Later on March 22, 2022, at the Court's directive, WBL filed a letter in opposition to the 2022 OSC (the "Letter in Opposition"). A true and correct copy of the Letter in Opposition is attached as **Exhibit 36**.

Then, on the eve of the Second Sale, Foreclosure Defendants filed a letter to the Court (the "Bankruptcy Letter") advising that Debtor had filed a Chapter 11 Bankruptcy Petition on March 23, 2022 (the "Bankruptcy"). A true and correct copy of the Bankruptcy Letter is attached as **Exhibit 37**.

Due to the Bankruptcy, the Court (Hon. Pamela L. Fisher, J.S.C.) declined to sign the 2022 OSC, and returned the 2022 OSC to the Foreclosure Defendants (the "Notice of Rejection") on or about March 23, 2022. A true and correct copy of the Notice of Rejection is attached as **Exhibit 38**.

The net result is that while final judgment was entered in WBL's favor over three and a half years ago, WBL remains unable to proceed to sale in the Foreclosure Action due to Debtor's procurement of the automatic stay pursuant to 11 U.S.C. 362.

## III.    **Debtor's Relevant Bankruptcy Proceedings**

On March 23, 2022, Debtor filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of New York which was assigned Petition No. 1-22-40568-nhl (the "Petition"). *See* Docket No. 1.[4]

On March 30, 2022, SPE III (as the current holder of the perfected security interest memorialized by the Mortgage being foreclosed in the Foreclosure Action and associated JFS), filed its Notice of Appearance. *See* Docket No. 15.

---

[4] In the interest of judicial economy, the WBL Defendants respectfully refer the Court to the documents previously filed electronically in this action via CM/ECF. The WBL Defendants welcome the opportunity to provide hard copies of any of the referenced documents upon the Court's request.

On April 25, 2022, SPE III filed its Proof of Claim. A true and correct copy of the Proof of Claim is attached as **Exhibit 39**.

On May 3, 2022, Debtor filed a motion seeking examination and production pursuant to Fed. R. Bankr. P. 2004 (the "Rule 2004 Motion"). *See* Docket No. 23.

On May 10, 2022, the WBL filed opposition to the Rule 2004 Motion, and Debtor's reply was filed on May 11, 2022. *See* Docket Nos. 26, 27.

On August 24, 2022, the Court entered an Order granting in part the Rule 2004 Motion. *See* Docket No. 55. Responses and objections to Debtor's discovery requests were served. *See* Docket Nos. 75, 87.

On August 26, 2022, creditor Nationstar Mortgage LLC filed a Motion to Dismiss the Debtor's bankruptcy proceedings. *See* Docket No. 56.

On September 26, 2022, SPE III filed an affirmation in support of Nationstar's Motion to Dismiss. *See* Docket No. 62.

On September 28 and 29, 2022, Debtor opposed Nationstar's Motion to Dismiss, which remains fully briefed but held in abeyance. *See* Docket No. 63-64.

On February 19, 2023, Debtor filed a Motion to convert her bankruptcy to a Chapter 13 Petition (the "Motion to Convert"). *See* Docket No. 99. Also on February 19, 2023, Debtor filed a Motion seeking to strike a claim filed by creditor Bayside United Methodist Church (the "Motion to Strike"). *See* Docket No. 100.

On March 13, 2023, SPE III filed opposition to Debtor's Motion to Convert. (*See* Docket No. 103.) On March 20, 2023, Debtor filed a reply affirmation in further support of the Motion to Convert. *See* Docket No. 112.

On April 28, 2023, Debtor filed an Amended Chapter 11 Plan (the "Amended Plan"). *See* Docket No. 115.

On July 5, 2023, SPE III timely filed its objection to confirmation of the Amended Plan. *See* Docket No. 120. The basis for SPE III's objection to confirmation of the Amended Plan is that Debtor failed to provide adequate protection, failed to cure the arrearage thereunder, and was dependent upon a favorable outcome of what was a then-threatened (but as yet unfiled) action seeking to challenge the JFS. *See id.*

The confirmation hearing for Debtor's proposed Amended Plan was thereafter scheduled for August 15, 2023, but just two days prior, Debtor filed the Complaint in the Adversary Proceeding on August 13, 2023. (*See* Docket No. 1.)

For the reasons set forth below, the Complaint against the WBL Defendants should be dismissed, with prejudice.

## LEGAL ARGUMENT

## I.    Legal Standard of Review

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted, this Court "assume[es] all 'well-pleaded factual allegations' to be true." *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 104 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). However, "'[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss.'" *Achtman v. Kirby McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)).

Under Rule 12(b)(6), made applicable by Bankruptcy Rule 7012, motions to dismiss must be evaluated using the standards established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). There, the Supreme Court held that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. In *Iqbal* the Court stated that the "plausibility" requirement applies to all civil actions and reiterated that "legal conclusions," "bare assertions," and "conclusory" allegations are "not entitled to be assumed true" and are insufficient as a matter of law. *Iqbal*, 556 U.S. at 677-81. The Court in *Iqbal* suggested that trial courts faced with a motion to dismiss "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Such pleadings should be disregarded: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Only if the complaint contains well-pleaded factual allegations should the trial court "then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Under Rule 12(b)(1), Debtor bears the burden to prove the existence of subject matter jurisdiction by a preponderance of the evidence. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247 (2010); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[J]urisdiction must be shown affirmatively." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Thus, while facts alleged in the complaint are taken as true, favorable inferences drawn from those facts cannot be utilized to make the necessary jurisdictional showing. *See Morrison*, 547 F.3d at 170; *Shipping Fin. Servs. Corp.*, 140 F.3d at 131.

If "subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise." *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). Accordingly, in ruling on this motion, this Court is not limited to the facts in the Complaint and may consider matters outside of the pleadings to resolve the jurisdictional issue (including the appended documents concerning the Loan and Foreclosure Action.) *See Zappia Middle E. Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also*

*Kaufman v. Time Warner*, 836 F.3d 137, 146 (2d Cir. 2016) (when deciding a motion to dismiss, "a reviewing court may consider the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and public records.")

## II.  The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction

### A.  Debtor's Complaint is Barred by *Res Judicata*

Debtor's Complaint must be dismissed for lack of subject matter jurisdiction because, stepping back from the sensational rhetoric associated with allegations that the WBL Defendants categorically deny, Debtor seeks to relitigate claims and defenses concerning the origination of the Loan and subsequent foreclosure of the Mortgage that were already rejected and cut off by the State Court when it granted the JFS in the Foreclosure Action.

*Res judicata*, or claim preclusion, "operates to prevent a party from re-litigating a claim after the claim has already been decided by a court of competent jurisdiction." *Charell v. Gonzalez* (*In re Gonzalez*), 241 B.R. 67, 72 (S.D.N.Y. 1999); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000).  To determine the preclusive effect of a state court decision, a federal court must apply the standard used by the state in which the decision was rendered.  *See* 28 U.S.C. 1738; *Exxon Mobil*, 544 U.S. at 293; *In re Fischer*, 252 B.R. 603, 613 (Bankr. E.D.N.Y. 2000).  Under New York law, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action," not just those that were actually litigated.  *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002); *see also Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) ("In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burke*

*v. N.Y. City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994). New York courts apply a transactional analysis of *res judicata*, "barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dismissal or other relief." *Id.,* quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

"[A] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action." *See SSJ Dev. of Sheepshead Bay I, LLC v. Amalgamated Bank*, 128 A.D.3d 674, 675 (2d Dept 2015) (internal quotations omitted); *see also Drew v. Chase Manhattan Bank, N.A.*, No. 95-CV-3133 (JGK), 1998 U.S. Dist. LEXIS 11616 at *18-19 (S.D.N.Y. Jul. 30, 1998) ("Accordingly, a federal district court cannot overturn a New York State court's decision in a foreclosure action"…because, "[u]nder New York law: [A state court] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matter of defense which were or might have been litigated in the foreclosure action are concluded."); *see also Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) ("This doctrine also applies to defenses that could have been litigated, including defenses to a foreclosure.") *Res judicata* "bars not only the specific legal claim decided in an earlier action, but all claims that arise from the same nucleus of operative fact." *Tomasino v. Estee Lauder Co., Inc.*, No. 13-CV-04692-ERK-RML, 2015 U.S. Dist. LEXIS 38918, at * 4 (E.D.N.Y. Mar. 26, 2015) (citing *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000).

The "narrow *Rooker-Feldman* inquiry is distinct from the question of whether claim preclusion (*res judicata*) or issue preclusion (collateral estoppel) will defeat a federal plaintiff's suit." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 92 (2d Cir. 2005); *see also Forjone*

*v. Federated Fin. Corp. of Am.*, 816 F. Supp. 2d 142, 149 (N.D.N.Y 2011) ("Even if plaintiff could escape the confines of the *Rooker-Feldman* doctrine, his claims are barred under the doctrines of *res judicata*, or claim preclusion, which provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (citations omitted). The doctrine applies only if: 1) there is a previous adjudication on the merits; 2) the previous action involved the party against whom *res judicata* is invoked or its privy; and 3) the claims involved were or could have been raised in the previous action. *Whelton v. Educ. Credit Mgmt. Corp.*, 432 F.3d 150, 155 (2d Cir. 2005).

Here, Debtor's claims are barred by the doctrine of *res judicata*, as they either were, or could have been, asserted in the Foreclosure Action. Debtor's claims all stem from the validity and enforceability of the Loan Documents, which has already been determined with a final judgment entered in State Court prepetition. Not only did the State Court find that Debtor's Answer – and each and every affirmative defense and counterclaim contained therein – was without merit when it entered the Order of Reference, but it further determined that Defendants had established entitlement to the total amount of unpaid principal and interest under the Loan upon entry of the JFS on default (and thus on the merits).

Beyond the fact that final judgment was entered against Debtor in the Foreclosure Action, it must be further be recognized that Debtor and Borrowers are plainly in privity and Debtor's interests were represented therein. "Determining whether two parties are in privity often requires a court to inquire whether a party controlled or substantially participated in the control of the presentation on behalf of a party to the prior action." *Burberry Ltd. v. Horowitz*, 534 Fed. Appx. 41, 44 (2d Cir. 2013); *Green v. Santa Fe Indus.*, 70 N.Y.2d 244, 253 (1987) ("[T]o establish privity the connection between the parties must be such that the interests of the nonparty can be said to

17

have been represented in the prior proceeding."). Notably, "[p]rivity is generally found when *the party to the previous litigation was the sole or managing member of a closely held corporation*". *Svenningsen v. Ultimate Prof'l Grounds Mgmt., Inc*., No. 14-CV-5161 (NSR), 2017 U.S. Dist. LEXIS 113617, at *10 (S.D.N.Y. Jul. 20, 2017) (emphasis added); *see also Levin v. Frank*, No. 18-CV-1292 (MAD) (DEP), 2019 U.S. Dist. LEXIS 66962 at *15 (N.D.N.Y. Apr. 19, 2019) (finding privity between a company and its "controlling member"); *Lia v. Saporito*, 541 Fed. Appx. 71, 73 (2d Cir. 2013) (finding privity between an LLC and its 75% owner and manager); *In re Teltronics Servs., Inc*., 762 F.2d 185, 191 (2d Cir. 1985) (finding privity when the *company's president "participated in and controlled" both lawsuits*) (emphasis added); *Kreager v. Gen. Elec. Co*., 497 F.2d 468, 471-72 (2d Cir. 1974) (same).

Debtor and Borrowers, of which she claims to be the sole owner,[5] are clearly in privity. Debtor authorized and was responsible for the filing of the bankruptcy action and this adversary proceeding, and Debtor was a party to the Foreclosure Action (which she actively defended on her behalf, and on behalf of the Borrowers, with the assistance of counsel). Thus, because Debtor was a party to the Foreclosure Action and owner of the Borrowers, and because Debtor participated and controlled both the defense to the Foreclosure Action and this adversary proceeding, Debtor and Borrowers are in privity and the preclusive effects of *res judicata* apply with equal force to Debtor. *In re Teltronics Servs*., 762 F.2d at 191.

Accordingly, Debtor's claims in the within action should be recognized as further attempts to relitigate these already-decided issues that are barred by the doctrine of *res judicata,* and that should be dismissed, with prejudice. *In re Buckskin Realty, Inc.*, No. 1-13-40083-nhl, Adv. Pro.

---

[5] True and correct copies of the Business Loan Applications in which Debtor identifies herself as the 100% owner of the Borrowers are attached to the Complaint.

No.: 15-01004-nhl, 2016 Bankr. LEXIS 3458, at *18 (Bankr. E.D.N.Y. Sep. 23, 2016) (dismissing action as barred by *res judicata,* where, as here, default judgment was entered in state court against a party against whom *res judicata* was invoked, and all claims arose out of the same transaction.)

**B.     Debtor's Complaint is Independently Barred by the *Rooker-Feldman* Doctrine**

This Court further lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The *Rooker–Feldman* doctrine provides that federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inciting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Indeed, separate and distinct from *res judicata*, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v Albany County Bd. of Elections*, 422 F.3d at 84; *see also Williams v 2720 Realty Co.,* No. 12-CV-6408 (BMC), 2013 U.S. Dist. LEXIS 1172 at *2 (E.D.N.Y. Jan. 3, 2013) ("[O]nly the United States Supreme Court is vested with jurisdiction over appeals from final state court judgments"); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (finding that this "comity principle" of *Rooker-Feldman* "seeks to prevent state and federal courts … [from] fighting with each other for control of a particular case"), *quoting Atl. Coast Line R.R. Co. v Bhd. Of Locomotive Eng'rs*, 398 U.S. 281 (1970) (internal citations and quotations omitted.) Where *Rooker-Feldman* applies, federal courts are barred from exercising jurisdiction over claims that are "inextricably intertwined with state court determinations." *Lawrence v Household Int'l, Inc.*, 123 Fed. Appx. 414, 415 (2d Cir 2005).

Four elements must be present – and are present here – for the *Rooker-Feldman* doctrine to apply: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff "must complain

of injuries caused by a state-court judgment"; (3) the plaintiff "must invite district court review and rejection of that judgment"; and (4) the "state-court judgment must have been rendered before the district court proceedings commenced." *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007); *see also Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 502 (S.D.N.Y. Jan. 18, 2016) (holding that "[i]f all of these conditions are met, the district court lacks subject matter jurisdiction over the claim.")

As Your Honor has held, "Second Circuit law is clear that a federal court, other than the Supreme Court, may not review a state court judgment even when the federal court litigant argues that the state court judgment is void *ab initio*" or that the foreclosing plaintiff lacked standing to foreclose. *In re Buckskin Realty, Inc.*, 2016 Bankr. LEXIS 3458, at *13-17 (collecting authority.)

"The *Rooker–Feldman* doctrine bars both direct and collateral attacks on state court final judgments, and for this reason the state and federal claims do not need to be identical in order for the doctrine to apply. Under the doctrine, a federal district court lacks jurisdiction to the extent that the federal claims are 'inextricably intertwined' with the state court's determinations. *See In re Castaldo*, No. 05-36349-cgm, 2006 Bankr. LEXIS 4522, at *16 (Bankr. E.D.N.Y. Dec. 7, 2006) ("The Rooker-Feldman doctrine bars bankruptcy court review of state court judgments even where a party claims that the state court foreclosure judgment was obtained through fraud."), *aff'd,* 313 F. App'x 351 (2d Cir. 2008) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482-484 n. 16 (1983)).

The requirements of *Rooker-Feldman* are all met here, and the Complaint should be dismissed as against the WBL Defendants, with prejudice. Debtor lost in state court. As is clear, Debtor filed an Answer in the Foreclosure Action. (*See* Ex. 12.) Debtor, having opposed WBL's MSJ seeking dismissal of her counterclaims and affirmative defenses with the assistance of

counsel, took advantage of the full and fair opportunity to litigate the Foreclosure Action in the State Court.  (*See* Ex. 22.)  The State Court then granted WBL's MSJ and struck Debtor's Answer.  (*See* Ex. 26.)  Defendant then failed to timely move to renew, reargue, vacate, or appeal the Order of Reference.  (*See Id.*)  Debtor again had the opportunity to contest the amount due and owing in connection with the computation of about due but failed to do so, and Debtor further failed to oppose WBL's JFS Motion.  Most critically, WBL obtained a JFS, comprising final judgment in the Foreclosure Action on the merits, well over three years ago, and Debtor failed to timely move to renew, reargue, vacate, or appeal the JFS.  *See* Ex. 30.

Moreover, Debtor's Complaint, as well as her filings in the related bankruptcy action, complain of alleged injuries caused by the JFS entered in the Foreclosure Action.  Notably, Debtor now claims that the JFS is unenforceable, and that her equity in the Property is negatively impacted thus causing injury.  This clearly violates the second requirement of the *Rooker-Feldman* test.

Debtor's Complaint further expressly prays that this Court review, and subsequently reject, the final judgment entered in the State Court Foreclosure Action.  Debtor's prayer is exactly what the *Rooker-Feldman* doctrine prohibits.  As set forth in the Complaint, Debtor alleges that the Note and Mortgage and the interest rate of the Loan are impermissible, and alleges that the WBL Defendants engaged in various prohibited conduct in originating the underlying Loan.  Again, Debtor had a full and fair opportunity to litigate these as claims and defenses in the Foreclosure Action, and to conduct discovery in the Foreclosure Action (but failed to do so).  Debtor was also served with notice of entry of both the MSJ and final JFS, was afforded the opportunity to file appeals of both,[6] but failed to do so (and her deadline has long since passed).  It is improper for

---

[6] Debtor failed to oppose the JFS Motion; as such the JFS is not appealable.  (*See* CPLR 5511.

Debtor, having failed to appropriately proceed in State Court, to now seek relief from this Court in August 2023 to unwind WBL's final judgment obtained in March 2020. *See* Ex. 30; *see also* Docket No. 1.

While the Second Circuit recognizes that the *Rooker-Feldman* doctrine does not apply to federal cases proceeding in parallel with state court cases, (*see Hoblock,* at 45) the Foreclosure Action has been effectively completed for well over three years. There are no pending motions and no pending appeals in the Foreclosure Action, and the only remaining step is to complete the foreclosure sale in accordance with the JFS when permitted.

In a very similar situation, the Second Circuit Court of Appeals held that *Rooker-Feldman* can operate as a bar to a plaintiff's adversary complaint. In *Wilson*, the plaintiff filed an adversary proceeding effectively challenging the state-court judgment. *In re Wilson*, 410 F. App'x 409, 410 (2d Cir. 2011). The Second Circuit held that the plaintiff essentially invited the federal court – as Debtor does here – to review and reject the state court's foreclosure judgment. *Id.* The Second Circuit affirmed the district court's decision to apply the *Rooker-Feldman* doctrine, thereby dismissing the plaintiff's adversary proceeding. *Id.*

In fact, courts have routinely dismissed pursuant to the *Rooker-Feldman* doctrine challenges to the enforceability of foreclosure judgments that were entered in state court. *In re Moise*, 575 B.R. 191 (Bankr. E.D.N.Y. 2017) (applying the *Rooker-Feldman* doctrine to dismiss a plaintiff's adversary proceeding because the plaintiff lost in state court on multiple occasions and attempted to challenge the foreclosure judgment in federal court); *Castaldo*, 2006 Bankr. LEXIS 4522 (barring a debtor's claim objection pursuant to the *Rooker-Feldman* doctrine because the debtor's arguments were similar and possibly identical to the arguments that the debtor asserted in the underlying foreclosure action and that the state court had rejected); *In re Moxey*, 522 B.R. 428,

441 (Bankr. E.D.N.Y. 2014) (finding *Rooker–Feldman* applies to judgment of foreclosure as the debtor lost in a state court and sought to upset the state court foreclosure judgment.); *In re 231 Fourth Avenue Lyceum, LLC,* 506 B.R. 196, 206-08 (Bankr. E.D.N.Y. 2014).

Accordingly, Debtor's complaint should be independently dismissed under the *Rooker-Feldman* doctrine.

### III. The Court Should Alternatively Abstain from Hearing Debtor's Adversary Proceeding

If the Court declines to dismiss the Complaint pursuant to the *Rooker-Feldman*, *res judicata*, or collateral estoppel doctrines, this Court should alternatively abstain from exercising jurisdiction over this adversary proceeding, as several doctrines warranting abstention apply.

### A. Permissive Abstention

A bankruptcy court may permissibly abstain from hearing an action "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. 1334(c)(1). When determining whether to permissively abstain, this Court will consider one or more of the following twelve factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of [the court's] docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*See In re Personal Communication Devices, LLC*, 556 B.R. 45 (Bankr. E.D.N.Y. 2016); *In re Exeter Holding, Ltd,* No. 11-77954-ast, Adv. Pro. No. 12-8392-ast, Adv. Pro. No. 12-8393-ast, Adv. Pro. No. 12-8395-ast, Adv. Pro. No. 12-8410-ast, 2013 Bankr. LEXIS 1008 at *11 (Bankr. E.D.N.Y. Mar. 14, 2013). "Permissive abstention under 28 U.S.C. § 1334(c)(1) is within the sound discretion of the bankruptcy court." *In re Abir*, No. 09-CV-2871 (SJF), 2010 U.S. Dist. LEXIS 28471, at *21 (E.D.N.Y. Mar. 22, 2010).

Here, consideration of the applicable factors enumerated above weigh heavily in favor of abstention: (1) abstention will have no effect on the administration of the estate; (2) Debtor's theories of recovery in the adversary proceeding have already been adjudicated in a related state court proceeding; (3) the only jurisdictional basis for the adversary proceeding is 28 U.S.C. 1334; (4) although Debtor claims that the adversary proceeding is a core proceeding, her theories of recovery are not based on any provisions of the bankruptcy law; (5) adjudicating the adversary proceeding will burden the Court's docket; and (6) Debtor is plainly forum shopping after having asserted the same arguments and lost in State Court.

Accordingly, permissive abstention from hearing the adversary proceeding is appropriate.

### B.    The *Younger* Abstention Doctrine

Debtor's claims are also barred by the *Younger* abstention doctrine. *See Khan v. Bank of Am. Home Loan Servicing L.P.*, No. 12-CV-117 (FLW), 2012 U.S. Dist. LEXIS 71677, at *9-10 (D.N.J. May 23, 2012) (dismissing federal action relating to pending state court foreclosure action on the basis of the *Younger* doctrine); *see also Gray v. Pagano*, 287 F. App'x 155, 157 (3d Cir. 2008) (noting that under the doctrine of *Younger* abstention, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances and affirming dismissal of complaint filed in connection with ongoing foreclosure action in state court).

There are three requirements that must be met before a federal court may properly invoke *Younger* abstention: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests, and; (3) the state proceedings afford an adequate opportunity to raise federal claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

Here, the State Court Foreclosure Action is ongoing and virtually complete, as the sale of the subject property is all that remains to be done. Additionally, the State of New York has an important interest in the adjudication of property rights with regard to land and dwellings within its borders. *See Pagano*, 287 F. App'x at 155, 157 (finding that the second prong of *Younger* was satisfied in cases where the federal relief would render a state court's orders or judgments nugatory). Finally, Debtor had an adequate opportunity to raise the federal claims asserted in her adversary complaint in opposition to the Foreclosure Action.

The requirements of *Younger* are satisfied in this case, and abstention from hearing this adversary proceeding is appropriate.

### C. The *Colorado River* Abstention Doctrine

The *Colorado River* abstention doctrine permits this Court to decline jurisdiction in "certain other 'exceptional circumstances.'" *See Niagara Mohawk Power Corp. v. Hudson Riv.-Black Riv. Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado Riv. Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)). "In *Colorado River*, finding that none of [the traditional rationales for abstention] applied, the Supreme Court crafted a new doctrine 'resting not on considerations of state-federal comity or on avoidance of constitutional decisions, as does abstention, but on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Larobina v.*

*Comm'r of Transp.,* No. 03-CV-217 (EBB), 2005 U.S. Dist. LEXIS 44947, at *8-9 (D. Conn. Oct. 25, 2005) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 14-15 (1983)).

When determining whether to abstain under *Colorado River,* the factors a federal court must consider are: (1) whether the controversy involves a *res* over which one of the courts has assumed jurisdiction; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the actions were filed and the relative progress of the two proceedings; (5) whether federal law provides the rule of decision; (6) whether the state court will adequately protect the rights of all parties; and (7) whether the federal filing was vexatious (intended to harass) or reactive (in response to adverse rulings in the state court). *Colorado River,* 424 U.S. at 818-19; *Moses H. Cone Mem. Hosp.,* 460 U.S. 1; *Woodford v. Community Action Agency of Greene County, Inc.,* 239 F.3d 517, 522 (2d Cir. 2001). "No single factor is necessarily decisive . . . and the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.* "[T]he test . . . is no mechanical checklist." *Id.*

Additionally, "a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River.*" *Dittmer v. County of Suffolk,* 146 F.3d 113, 117-18 (2d Cir. 1998). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Id.* (quoting *Day v. Union Mines Inc.,* 862 F.2d 652, 655 (7th Cir. 1988); *see e.g., Teves Realty, Inc. v. Bartley*, No. 14-CV-3227 (RRM) (VMS), 2017 U.S. Dist. LEXIS 50821 (E.D.N.Y. Mar. 31, 2017) (recognizing that "in cases where a court has custody of property, that is, proceedings *in rem* and *quasi in rem* … the state or federal court having custody of such property has exclusive jurisdiction to proceed"); *Tuebor Reit Sub LLC v. Paul*, No. 19-CV-8540 (JPO), 2020 U.S. Dist. LEXIS 150145 (S.D.N.Y. Aug. 19, 2020).

Here, the *Colorado River* factors favor abstention. The instant adversary proceeding and the Foreclosure Action are parallel in that they involve substantially the same parties and also the same issues alleged by Debtor. Additionally, the State Court has jurisdiction over the Foreclosure Action – which was filed first and is nearly complete – and can adjudicate and protect all of the rights of the parties involved in it. Finally, Debtor's adversary proceeding was clearly reactive, having been filed to re-raise the arguments that failed in State Court (and/or that were cut off by the JFS).

The Court, therefore, should abstain from hearing Debtor's adversary proceeding pursuant to *Colorado River*.

## IV. Debtor's Claims Should Be Dismissed for Failure to State a Claim upon Which Relief May Be Granted

While this Court may readily dismiss the Complaint for lack of subject matter jurisdiction, it may also do so because Debtor fails to state any claim against the WBL Defendants upon which relief may be granted. Reason being, Debtor's claims against the WBL Defendants are time-barred as a matter of law. *See In re Nasser*, No. 17-40254-nhl, Adv. Pro. No. 17-01175-nhl, 2020 Bankr. LEXIS 2821, at *15 (Bankr. E.D.N.Y. Oct. 8, 2020) (dismissing causes of action under the applicable statutes of limitation).

A party may seek to dismiss an action on the grounds that the causes of action are time-barred by the applicable statute of limitations. *See Gelber v. Stryker Corp.*, 788 F. Supp. 2d 145, 153 (S.D.N.Y. 2011) (finding that "[a] statute of limitations defense, based exclusively on the dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion"); *see also Francis v. Blaikie Group*, 372 F. Supp. 2d 741, 743 (S.D.N.Y.

2006) (granting the defendant's Rule 12(b)(6) motion to dismiss on the grounds that the plaintiff's claims were time-barred).)

## A.    <u>Debtor's Civil RICO Claims are Time-Barred</u>

Debtor's First through Seventh Causes of Action, purport to allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against the WBL Defendants.[7]

The law is clear that the statute of limitations for RICO civil actions is four years. (*See Frankel v Cole*, 313 Fed. Appx. 418, 419 (2d Cir. 2009). The statute of limitations for civil RICO claims begins to run "when the plaintiff discovers or should have discovered the RICO injury." (*In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 58 (2d Cir. 1998); *see also Rotella v. Wood*, 528 U.S. 549, 554 (2000) (finding that the statute of limitations is triggered when the plaintiff discovers or should have discovered their RICO injury, not when the plaintiff discovers or should have discovered the underlying pattern of racketeering activities"); *see also Simmons v. Reich*, No. 20-4114, 2021 U.S. App. LEXIS 32372 (2d Cir. Oct. 29, 2021) (affirming four-year statute of limitations on RICO claims began running at origination of disputed loans.)

Here, the subject Loan originated on January 29, 2016. (*See* Ex. 1.) The alleged conduct that Debtor claims violated RICO occurred in connection with the origination of the Loan. Debtor's time to raise these civil RICO claims expired, at the latest, on January 28, 2020, four years after the Loan originated. In 2023, Debtor's civil RICO claims are clearly time-barred and should be dismissed, with prejudice. *See Garrasi v. Wells Fargo Bank, N.A.*, No. 21-CV-202 (GLS/TWD), 2022 U.S. Dist. LEXIS 58899 (N.D.N.Y. Mar. 30, 2022) (dismissing RICO claims

---

[7] Debtor's Fifth Cause of Action purports to allege a Hobbs Act violation, while Debtor's Sixth Cause of Action notably purports to allege a claim under 18 U.S.C. 891-894. However, there is no private right of action under these statutes, and Debtor's claims should be dismissed on this independent ground, as well. *See In re Hopper*, No. 21-MC-57 (MPS), 2021 U.S. Dist. LEXIS 257222, at *6 (D. Conn. Dec. 3, 2021); *see also Barge v. Apple Computer, Inc.*, No. 97-9068, 1998 U.S. App. LEXIS 22044 (2d Cir. 1998).

asserted by defaulted borrower in federal court affirmative litigation collaterally attacking affirmative litigation).

**B.** **Debtor's ECOA Claims are Time-Barred**

Debtor's Eighth Cause of Action purports to allege violations of the Equal Credit Opportunity Act ("ECOA"). This statute makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction [] on the basis of race …" ECOA claims must be brought "within 5 years after the date of the occurrence" of the alleged violation. *See* 15 U.S.C. 1691e(f)(1). To be clear, that statute of limitations began to run on the date that the Loan was originated. *See Redd v. Fannie Mae*, No. 19-CV-1045 (PKC) (RML), 2020 U.S. Dist. LEXIS 56269 (E.D.N.Y. Mar. 31, 2020) (dismissing time-barred ECOA claim associated with origination of disputed loan), citing *Gordon v. First Franklin Fin. Corp.*, No. 15-CV-0775 (SJF) (AKT), 2016 U.S. Dist. LEXIS 25621 (E.D.N.Y. Feb. 29, 2016).

Here, Debtor's claims arise from the origination of the Loan, which occurred on January 29, 2016. (*See* Ex. 1.) As such, Debtor was required to bring any claims sounding in violations of ECOA, at the latest, by January 29, 2021 (not, for the first time in 2023).

Moreover, equitable tolling should not apply to Debtor's ECOA claims. Courts in the Second Circuit have held that equitable tolling applies to ECOA claims where there are allegations of fraud and concealment. *See e.g.*, *McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d. 578 (E.D.N.Y. 2005); *Weil v. Long Island Savings Bank, FSB*, 77 F. Supp. 2d 313, 322 (E.D.N.Y. 1999); *Coveal v. Consumer Home Mortg., Inc.*, No. 04-CV-4755 (ILG), 2005 U.S. Dist. LEXIS 5003, at *12 (E.D.N.Y. Mar. 29, 2005).

Equitable tolling has been permitted "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans*

*Affairs*, 498 U.S. 89, 96 (1990); *see also Veltri v. Bldg. Serv. 32b-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004) ("[e]quitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances"). Equitable tolling has been deemed appropriate in extreme circumstances, such as where a plaintiff timely filed defective papers before the statute of limitations expired (*see American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)), or where the plaintiff was induced by the defendant into filing late by means of deception or trickery. *See Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231 (1959).

None of those circumstances are present here. Debtor is not entitled to equitable tolling, and her ECOA claims should be dismissed as time-barred.

### C. Debtor's GBL 349 Claim is Time-Barred.

Debtor's Ninth Cause of Action purports to allege a violation New York General Business Law ("GBL") 349, which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." GBL 349(a).

Claims brought pursuant to GBL 349 are subject to a three-year statute of limitations, and such a cause of action accrues "when plaintiff has been injured by a deceptive act or practice violating" the statute. *Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 210 (2001), *quoting Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43 (1999) (internal citations and quotations omitted); *see e.g., Knox v Countrywide Bank*, 4 F. Supp. 3d 499, 511 (E.D.N.Y. Mar. 12, 2014) (finding that the plaintiff's GBL 349 claims were barred by the applicable three-year statute of limitations); *Jackson v. Wells Fargo Home Mortg.*, No. 15-CV-5062 (PKC) (ST), 2018 U.S. Dist. LEXIS 136643 (E.D.N.Y. Aug. 10, 2018) ("Plaintiff's GBL 349 claims has a three-year period of limitation.")

Here, the purported "deceptive act or practice" complaint of by Debtor, i.e., the origination of the Loan, occurred on January 28, 2016. (*See* Ex. 1.) Accordingly, Debtor's deadline to bring a claim pursuant to GBL 349 expired, at the latest, on January 29, 2019 – and long before she filed the Complaint in August 2023. Moreover, Debtor cannot seek to avoid the dispositive effect of the statute of limitations by contending that the discovery rule should apply to a claim brought pursuant to . *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, No. 00-MD-1898, 2007 U.S. Dist. LEXIS 40484, at \*69 (S.D.N.Y. Jun. 4, 2007) ("No discovery rule is applicable to [GBL] 349 claims."); *Wender v. Gilberg Agency*, 276 A.D.2d 311, 311-312 (1st Dept 2000) ("[The] [p]laintiff's claims under [GBL] § 349, however, are time-barred as . . . the date of discovery rule is not applicable and cannot serve to extend that limitations period.")

Again, Debtor has not and cannot demonstrate that equitable tolling applies to her GBL 349 claims. Under federal law, equitable tolling applies "in cases alleging causes of action other than fraud where the facts show that the defendant engaged in conduct, often itself fraudulent, that concealed from the plaintiff the existence of the cause of action." *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2d Cir 1985). Under New York law, "the doctrines of equitable tolling … may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action." *Singh v. Wells*, 445 Fed. Appx. 373, 377 (2d Cir. 2011).

Here, by any measure, Debtor is not entitled to the benefit of equitable tolling on her GBL 349 claim. Debtor can point to no action on the WBL Defendants' part that induced Debtor into refraining from bringing the instant action. In fact, Debtor *did* allege violations of GBL 349 as the Second Counterclaim and Fourth Affirmative Defense in her Answer to the Foreclosure Action (which were, of course, stricken and dismissed by the State Court). *See* Ex. 12. Because Debtor

had the full and fair opportunity to assert her claims sounding in GBL 349 and took advantage of that opportunity, she can hardly claim that the WBL Defendants somehow induced her into delaying bringing the instant action, and equitable tolling should not apply.

For all of these reasons, Debtor's GBL 349 claim should be dismissed as time-barred.  *See Graham v. HSBC Mortg. Corp.*, No. 18-CV-4196 (KMK), 2021 U.S. Dist. LEXIS 183333 (S.D.N.Y. Sep. 24, 2021) (dismissing borrower's time-barred claim against mortgage servicer).

### D. Debtor's Usury Allegations are Time-Barred

Debtor further contends in 2023 that the interest rate of the subject 2016 Loan is usurious and violates New York Banking Law 14-a, Penal Law 190.40, and General Obligations Law 5-501.

These allegations are clearly time-barred.  Actions seeking to recover any overcharge of interest, or to enforce a penalty for such overcharge, are subject to a one-year statute of limitations. *See* CPLR 215(6); *see also Dae Huyk Kwon v. Santander Consumer U.S.A.*, No. 15-CV-3352 (SJF) (AKT), 2016 U.S. Dist. LEXIS 140185 at *7 (E.D.N.Y. Sep. 30, 2016), aff'd 742 Fed. Appx. 537 (2d Cir. 2018) (finding that state usury claims arising under New York's General Obligations Law are subject to a one-year statute of limitations); *Chassman v. Shipley*, No. 15-CV-5228 (PAC), 2016 U.S. Dist. LEXIS 49022 at *3 (S.D.N.Y. Apr. 12, 2016) (holding that CPLR 215(6)'s one-year statute of limitations "applies for any claim alleging an overcharge of interest, regardless of whether the claim is contractual or statutory").)  State claims of usury are subject to this statute of limitations and accrue on the date that the last alleged overpayment was made.  *See Rubin v. City Nat'l Bank & Tr. Co. of Gloversville*, 131 A.D.2d 150, 151-152 (3d Dept 1987).  Here, the Loan originated on January 28, 2016, went into default on April 18, 2016, and Debtor's deadline to timely plead these claims has long since expired.

Again, Debtor should be denied the benefit of equitable tolling in making these time-barred allegations because she had the opportunity to assert these allegations in the Foreclosure Action, and took advantage of that opportunity by *specifically alleging* that the Loan "is violative of NY General Obligations Law § 5-501(1); NY Banking Law § 14-a(1); and NY Penal Law § 190.40" in her Answer as the Ninth Counterclaim and Fifth Affirmative Defense. *See* Ex. 12.

In granting the Order of Reference and the JFS, the State Court made a final determination that the Loan was not usurious as a matter of operative law, and this time-barred claim should be dismissed.

## V. Debtor's Claim for Recoupment Should Be Dismissed

Debtor's Tenth Cause of Action purports to state a claim for recoupment. However, setting aside the fact this is an affirmative defense, Debtor is entitled to no relief. Reason being, Debtor she fails to plead any claim against the WBL Defendants over which this Court has subject matter jurisdiction or upon which relief may be granted. *See In re Sunbeam Corp.*, 284 B.R. 355 (Bankr. S.D.N.Y. 2022) (dismissing claim for recoupment where, following dismissal of debtor's claims, there was nothing to recoup); *see also In re Waterscape Resort LLC*, 544 B.R. 507 (Bankr. S.D.N.Y. 2016).

## VI. Leave to Amend Should Be Denied as a Futility

While Debtor will almost certainly request leave to amend in order to avoid a dismissal with prejudice, this Court should deny that request if made. Although Rule 15, made applicable by Bankruptcy Rule 7015, states that "[t]he court should freely give leave [to amend] when justice so requires," (Fed. R. Civ. P. 15), this Court "has discretion to deny leave for good reason, including futility." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "To determine whether an amended claim is futile, courts analyze whether the proposed pleading

would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Moreira v. Sherwood Landscaping Inc.*, 13-CV-2640 (JS)(AKT), 2014 U.S. Dist. LEXIS 130454, at *15 (E.D.N.Y. Sep. 16, 2014).

Here, all of Debtors' claims against the WBL Defendants are time-barred as a matter of law, no possible amendment could cure this defect, and leave to amend should thus be denied. *See In re Lake Charles Retail Dev. LLC*, No. 13-44093-nhl, Adv. Proc. No. 13-01477-nhl, 2014 Bankr. LEXIS 4161, at *26-27 (Bankr. E.D.N.Y. Sept. 30, 2014) (granting motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief could be granted, and denying leave to amend.); *see also Knox v. Countrywide Bank*, 4 F. Supp. 3d 499, 514 (E.D.N.Y. 2014) (denying leave to amend complaint where plaintiff alleged time-barred claims, that along with other defects constituted an "inaccurate view of the law" that could not "be repaired through amendment").

## CONCLUSION

For all of these reasons, the WBL Defendants respectfully request that the Complaint be dismissed against them, with prejudice, and that leave to amend be denied.

Dated: New York, New York
September 15, 2023

**PARKER IBRAHIM & BERG LLP**
*Attorneys for Defendants,*
Doug Naidus, World Business Lenders, LLC,
and WBL SPE III, LLC

*/s/ James P. Berg*
James P. Berg
Daniel A. Schleifstein
5 Penn Plaza, Suite 2371
New York, New York 10001
Telephone: (212) 596-7037
Facsimile: (212) 596-7036
E-mail: james.berg@piblaw.com

34

daniel.schleifstein@piblaw.com

*Please reply to Somerset address:*

270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
Telephone: (908) 725-9700