# **Exhibit A**

Stipulation

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Gillian Jordan<br>Aka Gillian Margaret Jordan-De Verteuil,<br><br>    Debtor. | Chapter 11 (Subchapter V)<br><br>Case No.: 22-40568-nhl<br><br>Adv. Pro. No.: 1-23-01064-nhl |
| Gillian Jordan aka Gillian Margaret Jordan-De Verteuil,<br><br>    Plaintiff,<br>v.<br><br>Doug Naidus,<br>World Business Lenders, LLC,<br>Worldwide Land Transfer Inc.<br>WBL SPE III, LLC,<br>The Bank of Lake Mills, and<br>John Does 1-3,<br><br>    Defendants. | |

## STIPULATION

Debtor Gillian Jordan Aka Gillian Margaret Jordan-De Verteuil ("Debtor"), Doug Naidus ("Mr. Naidus"), World Business Lenders, LLC ("WBL"), WBL SPE III, LLC ("SPE III"), and The Bank of Lake Mills ("BLM"), stipulate as follows:

**WHEREAS,** on or about January 26, 2016, Debtor, on behalf of Noah's Ark Preparatory, Inc. and Noah's Ark Preparatory II, Inc., executed a Business Promissory Note and Security Agreement in favor of BLM in the original principal amount of $275,000.00 (the "Note"); and

**WHEREAS,** to secure the Note, Debtor executed a Continuing Guaranty (Unlimited) in favor of BLM, dated January 26, 2016; and

**WHEREAS**, to further secure the Note, Debtor executed a Mortgage, dated January 28, 2016, which was recorded against real property located at 455 Macon Street, Brooklyn, New York 11233 (the "Property") on February 18, 2016 in the Office of the City Register of the State of New York under CRFN 2016000054746, and which was subsequently assigned to SPE III (the Note, Guaranty, and Mortgage being the "Loan Documents" that, together with other documents, memorialize the "Loan"); and

**WHEREAS**, a default was declared on the Loan after the failure to tender the payment that became due and payable on April 19, 2016, and a commercial mortgage foreclosure action was commenced in the Supreme Court of the State of New York, County of Kings on July 19, 2016, which was assigned Index Number 512316/2016 and in which Judgment of Foreclosure and Sale was entered on March 18, 2020 (the "Foreclosure Action"); and

**WHEREAS**, the Foreclosure Action was automatically stayed after Debtor filed a Chapter 11 Bankruptcy Petition in the above-captioned case on March 23, 2022 (the "Bankruptcy"), and;

**WHEREAS**, SPE III filed a Proof of Claim on April 25, 2022 in the amount of $2,262,801.39 (the "Full Claim"), which Debtor disputed; and

**WHEREAS**, Debtor thereafter commenced the above-captioned adversary proceeding against Mr. Naidus, WBL, SPE III, and BLM, among other defendants, on August 13, 2023, in which opposed motions to dismiss have been filed and remain pending (the "Adversary Proceeding"); and

**WHEREAS**, Debtor, Mr. Naidus, WBL, SPE III, and BLM, having negotiated a resolution in principle with the assistance of Subchapter V Trustee Gerard Luckman, Esq., now wish to fully memorialize the resolution of any and all differences existing between them concerning the Loan and the Property in the Bankruptcy and the Adversary Proceeding,

**NOW THEREFORE,** Debtor, Mr. Naidus, WBL, SPE III, and BLM stipulate and agree as follows:

1. Within thirty (30) days of the date that this Stipulation is fully executed, Debtor agrees to withdraw her prior Chapter 11 Subchapter V Plan and file an Amended Chapter 11 Subchapter V Plan to which this Stipulation shall be appended, which shall include the following treatment of SPE III's claim, and the effective date of which shall be the date of entry of the order confirming same (the "Plan"):

   a. Debtor and SPE III agree that, subject to the conditions below, SPE III shall accept an allowed secured claim in the amount of $450,000.00 for which Debtor is liable in satisfaction of the Full Claim (the "Agreed Claim").

   b. The Agreed Claim shall be payable as follows:

      i. Debtor shall pay SPE III $1,000.00/month by the last business day of the month following the month in which the Effective Date of the Plan occurs, and by the last business day of each month thereafter, for a total of sixty (60) months (the "Term").

      ii. During the Term, interest shall accrue on the principal owed on the Agreed Claim at the rate of 5%.

      iii. Debtor shall pay SPE III the balance owed on the Agreed Claim by the last business day of the month following the conclusion of the Term.

      iv. At any time during the Term, Debtor may prepay any additional amount due on the Agreed Claim without penalty.

3

c.  Notwithstanding anything in the Plan to the contrary, the Bankruptcy Court shall not retain jurisdiction with respect to the Agreed Claim, except for enforcing the discharge provisions of the confirmed Plan.

d.  A failure by the reorganized Debtor to make a payment to SPE III pursuant to the terms of the Plan shall be an event of default. If the reorganized Debtor fails to cure an event of default as to Plan payments during the Term to SPE III within thirty (30) days after receipt of SPE III's written notice of default to be sent to Debtor and Debtor's Counsel via email, U.S. Mail, and filed on CM/ECF ("Uncured Default"), then SPE III, its successors and/or assigns may: (a) enforce the remaining balance of its Agreed Claim plus any accrued interest and attorney fees accrued in its enforcement of this agreement immediately and without further approval or release from the Bankruptcy Court against Debtor; (b) exercise any and all rights and remedies that SPE III, its successors and/or assigns, may have under applicable nonbankruptcy law, including but not limited to foreclosure, against Debtor and Borrowers; and/or (c) seek such further relief as may be appropriate in this Court. Debtor further agrees that in the event of an Uncured Default, the automatic stay shall be automatically lifted, and Debtor agrees not to directly or indirectly contest in any respect the Foreclosure Action and/or any efforts by SPE III, its successors and/or assigns, to exercise at their discretion any rights available at law and equity concerning the Loan and/or the Property.

98043\323499859.v1

e. A failure by the reorganized Debtor to pay the balance owed on the Agreed Claim by the last business day of the month following the conclusion of the Term shall be an event of default. If the reorganized Debtor fails to cure this event of default as to the balanced owed on the Agreed Claim to SPE III within sixty (60) days after receipt of SPE III's written notice of default to be sent to Debtor and Debtor's Counsel via email, U.S. Mail, and filed on CM/ECF ("Uncured Maturity Default"), then SPE III, its successors and/or assigns may: (a) enforce the remaining balance of its Agreed Claim plus any accrued interest and attorney fees accrued in its enforcement of this agreement immediately and without further approval or release from the Bankruptcy Court against Debtor; (b) exercise any and all rights and remedies that SPE III, its successors and/or assigns, may have under applicable nonbankruptcy law, including but not limited to foreclosure, against Debtor and Borrowers; and/or (c) seek such further relief as may be appropriate in this Court. Debtor further agrees that in the event of an Uncured Maturity Default, the automatic stay shall be automatically lifted, and Debtor agrees not to directly or indirectly contest in any respect the Foreclosure Action and/or any efforts by SPE III, its successors and/or assigns, to exercise at their discretion any rights available at law and equity concerning the Loan and/or the Property.

f. If Debtor requests a relaxation or amendment of the payment schedule from SPE III due to special circumstances, SPE III shall have the option in its sole discretion, but not the duty, to relax or amend the payments schedule

as SPE III, in its sole discretion, may see fit (which SPE III should not unreasonably withhold).

g. The failure of SPE III to insist on strict compliance by Debtor with any payment term of this Stipulation shall not constitute a waiver or relaxation of any future performance by Debtor of that term, nor shall such failure constitute a waiver or relaxation by SPE III of any other term of this Stipulation.

2. Upon the full execution of this Stipulation, the Adversary Proceeding, Debtor's complaint therein, and all claims that were asserted or could have been asserted by Debtor, are released and dismissed in their entirety, with prejudice, as against Mr. Naidus, WBL, SPE III, BLM, and any of their respective officers, directors, employees, agents, affiliates, and insurers and the pending motions to dismiss therein shall be administratively terminated.

3. If any provision of this Stipulation conflicts with any Order entered in this matter, including a confirmation order, the provisions of this Stipulation control.

4. This Stipulation shall take effect upon its execution by all parties, and shall be attached and become an exhibit to any confirmation order entered by the Bankruptcy Court.

*Signature Pages to Follow*

Date: 1/29/25

**GILLIAN JORDAN AKA GILLIAN MARGARET JORDAN-DE VERTEUIL**
*Debtor/Adversary Proceeding Plaintiff*

By: /s/ Gillian Jordan
Gillian Jordan Aka Gillian Margaret Jordan-De Verteuil

Date: 1/29/25

**THE LAW OFFICES OF NARISSA A. JOSEPH**
*Attorneys for Debtor/Adversary Proceeding Plaintiff,*
Gillian Jordan Aka Gillian Margaret Jordan-De Verteuil

By: _____
Narissa A. Joseph, Esq.
305 Broadway, Suite 1001
New York, New York 10007
Telephone: (212) 233-3060
Email: njosephlaw@aol.com

Date: January 30, 2025

**HINSHAW & CULBERTSON LLP**
*Attorneys for Creditor/Adversary Proceeding Defendant,*
WBL SPE III, LLC
*Attorneys for Adversary Proceeding Defendants,*
Doug Naidus and World Business Lenders, LLC

By: *Daniel A. Schleifstein*
Daniel A. Schleifstein, Esq.
800 Third Avenue, 13th Floor
New York, New York 10022
Telephone: (212) 471-6200
Email: dschleifstein@hinshawlaw.com

Date: **1/31/25**

**RIMON, P.C.**
*Attorneys for Adversary Proceeding Defendant,*
The Bank of Lake Mills

By: _____
Anthony C. Acampora, Esq.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: (516) 479-6300
Email: anthony.acampora@rimonlaw.com